USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/10/2026__

**MEMORANDUM ENDORSEMENT**

7:26-cv-1363-NSR

PHH Mortgage Corporation v. Kelly-Castillo et al.

*Pro se* Defendant Idellia Kelly-Castillo ("Defendant") submitted a motion to dismiss the Complaint on April 8, 2026.  (ECF No. 23.)  However, Defendant did not file the required pre-motion conference letter as mandated by this Court's local rules.  Given Defendant's status as a *pro se* litigant, the Court waives the pre-motion conference requirement and establishes the following briefing schedule:

1.  Plaintiff is directed to serve (not file) their opposition on May 11, 2026;
2.  Defendant's reply is to be served on June 10, 2026.

All motion papers are to be filed by Plaintiff, including *pro se* Defendant's reply papers, on the reply date, June 10, 2026.  The parties are directed to mail two physical copies and Plaintiff is further directed to email an electronic copy to Chambers of each set of motion documents, including *pro se* Defendant's reply, as they are served.  The Clerk of Court is kindly directed to mail this Endorsement to *pro se* Defendant to the following address: 2330 Holland Avenue, Bronx, NY 10467.  The Clerk of Court is also directed to add that address on the docket, and to designate this matter with the appropriate *pro se* label.

Dated: April 10, 2026
     White Plains, NY

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------X

PHH Mortgage Corporation

                Plaintiff

v

Idellia Kelly-Castillo

New York City Parking Violations Bureau

New York City Environmental Control Board

New York City Transit Adjudication Bureau

"John Doe #1" through "John Doe #12," the last twelve names being

fictitious and unknown to plaintiff, the persons or parties intended being

the tenants, occupants, persons or Corporations, if any, having or claiming

an interest in or lien upon the subject property described in the complaint.

                Defendants

-----------------------------------------------------------------X

Civil action No. 26-CV-01363 (NSR)

**NOTICE OF DEFENDANT'S MOTION**

**TO DISMISS PURSUANT TO RULE**

**12 (B) (1), 12 (B) (3) & 12 (B) (6)**

RECEIVED SDNY PRO SE OFFICE
2026 APR -7 PM 12: 24

**PLEASE TAKE NOTICE** that, upon the pleadings and the exhibits attached to the motion,

defendant Idellia Kelly-Castillo move before the Hon. Nelson S. Roman, United states District

Judge at the United States Courthouse for the Southern District of New York, 40 Foley Square,

New York, New York, at a date to be determined by this Court, for an order pursuant to Federal

Rules of Civil Procedure 12 (b) (1), 12 (b) (3), and 12 (b) (6), dismissing all claims against

defendant with prejudice in their entirety, sanction plaintiff and its attorney for their frivolous

conduct, and awarding such other relief as the Court may deem just and proper.

1

Opposition papers shall be filed on or before May 7, 2026.

Reply papers shall be filed on or before May 21, 2026.

Dated: Bronx, New York

April 6, 2026

Respectfully Submitted

*Idellia Kelly - Castillo*

Pro Se Defendant

Idellia Kelly-Castillo

2330 Holland Avenue

Bronx, NY 10467

347-931-6935

To:

Robertson, Anschutz, Schneid, Crane & Partners, PLLC

900 Merchants Concourse, Suite 310

Westbury, NY 11590

516-280-7675

2

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------------X

PHH Mortgage Corporation                          Civil action No. 26-CV-01363 (NSR)

                            Plaintiff

v

Idellia Kelly-Castillo

New York City Parking Violations Bureau

New York City Environmental Control Board

New York City Transit Adjudication Bureau

"John Doe #1" through "John Doe #12," the last twelve names being

fictitious and unknown to plaintiff, the persons or parties intended being

the tenants, occupants, persons or Corporations, if any, having or claiming

an interest in or lien upon the subject property described in the complaint.

                            Defendants                          .

-----------------------------------------------------------------------------X

**DEFENDANT'S RULE 12 (B) (1), 12 (B) (3) & 12 (B) (6) MOTION TO DISMISS**

Defendant Idellia Kelly-Castillo files this motion to dismiss plaintiff's PHH Mortgage

Corporation's foreclosure complaint under Federal Rules of Civil Procedure 12 (b) (1), 12 (b)

(3), and 12 (b) (6), showing in support as follows:

3

## PRELIMINARY STATEMENT

Plaintiff PHH Mortgage Corporation seeks to foreclose against defendant's home in the Southern District of New York.

The facts and evidence will show that plaintiff is forum shopping because PHH Mortgage predecessor, U.S. Bank Trust Company National association as Trustee brought two prior foreclosure actions against defendant in the Bronx County Supreme Court which were dismissed.

PHH Mortgage Corporation filed thirteen separate foreclosure actions against defendants in the Bronx County Supreme Court from January 1, 2025 to April 3, 2026 and most of those complaints were filed by the law firm of Robert, Anschutz, Schneid, Crane & Partners PLLC, formerly known as Ras Boriskin LLC.

RAS Boriskin LLC, changed its name to Robert, Anschutz, Schneid, Crane & Partners PLLC, after its principal and founder Sara Z. Boriskin was sued in the case of Weaver v Boriskin. See the decision of the Second Circuit Court of Appeals in Weaver v Boriskin with docket No. 17-3413.

The facts and evidence in the case of Weaver v Boriskin shows that Boriskin executed three separate assignment of mortgages purporting to be assistant Secretary of MERS, while Boriskin was manager of the foreclosure Department of the law firm of Berkman, Henoch, Peterson & Peddy, P.C., which were then submitted to the Courts to manufacture standing.

Boriskin then sent lawyers who she managed to the Court to make false representations which procured decisions based upon fraud.

The burden then shifts to the plaintiff to produce evidence of its own. If it does, the District Court must make findings of fact to decide standing.

Plaintiff is trying to circumvent the defects in its predecessor case, U.S. Bank in State Court

4

## STATEMENT OF FACTS

On June 30, 2016 the law firm of Leopold & Associates, PLLC, initiated a foreclosure action against defendant on behalf of U.S. Bank National association as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2007-KSI, in the Bronx County Supreme Court with index No. 32571/2016E.

**Exhibit A.** Summons and first page of complaint in the case of U.S. Bank National association as Trustee v Idellia Kelly-Castillo with index No. 32571/2016E.

Defendant filed an answer with affirmative defenses and the Court dismissed the complaint. On February 26, 2024 the law firm of Aldridge Pite LLP, initiated a second foreclosure action against defendant on behalf of U.S. Bank National association as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2007-KSI, in the Bronx County Supreme Court with index No. 803193/2024E.

**Exhibit B.** Summons and first page of the complaint in the case of U.S. Bank National association as Trustee v Idellia Kelly-Castillo with index No. 803193/2024E.

On December 26, 2025 RAS Boriskin LLC, prepared an assignment of mortgage from U.S. Bank National association as Trustee to PHH Mortgage Corporation which was backdated to show the date of November 26, 2025 which was executed by Yanique Atkinson Edwards purporting to be Coordinator of U.S. Bank National association as Trustee.

**Exhibit C.** Assignment of mortgage from U.S. Bank National association as Trustee to PHH Mortgage Corporation prepared by RAS Boriskin LLC, recorded and returned to RAS Legal Group which is a foreclosure facilitator located within the plaintiff's law firm.

5

What is strange on the cover page of the assignment of mortgage, is that both the assignor and the assignee have the same address.

The evidence in the case of Weaver v Boriskin shows that Boriskin executed three separate assignment of mortgages purporting to be assistant Secretary of MERS, while Boriskin was manager of the foreclosure Department of the law firm of Berkman, Henoch, Peterson & Peddy, P.C., which were submitted to the Court to manufacture standing. Weaver v Boriskin, 751 F. App x 96 (2d Cir. 2018).

Plaintiff would first have to own the security instrument before serving defendant with the 30 day notice required by the mortgage contract before initiation legal action.

In addition, plaintiff would have to own the security instrument before serving defendant with the 90 day notice required by RPAPL § 1304.

The assignment of mortgage was backdated to show the date of November 26, 2025, recorded on December 3, 2025, and plaintiff filed its complaint on February 18, 2026.

Therefore, plaintiff failed to comply with RPAPL § 1304.

Paragraph Nos. 9 and 10 of plaintiff's complaint states, "This action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. Venue is deemed proper in this District pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this Court and the subject property is located in this District.

A search of the Bronx County Supreme Court records shows that between January 1, 2025 and April 3, 2026 plaintiff initiated foreclosure action against thirteen different defendants.

6

**Exhibit D.** NYSCEF search for PHH Mortgage Corporation in the Bronx County Supreme Court.

On February 5, 2025 Sara Z. Boriskin of the law firm of Robertson, Anschutz, Schneid, Crane & Partners PLLC, initiated legal action against Maureen Thompson on behalf of PHH Mortgage Corporation in the Bronx County Supreme Court with index No. 802841/2025E.

**Exhibit E.** Complaint in the case of PHH Mortgage Corporation v Maureen Thompson filed by Sara Z. Boriskin of the law firm of Robertson, Anschutz, Schneid, Crane & Partners PLLC, in the Bronx County Supreme Court with index No. 802841/2025E.

The record now shows that PHH Mortgage Corporation is actively conducting business in the Bronx County Supreme Court and therefore, do not meet the standard of Diversity.

The third foreclosure complaint was filed in the Southern District with intent to deprive defendant of her due process rights and circumvent the prior decisions of the Bronx County Supreme Court in the cases of U.S. Bank National association as Trustee v Idellia Kelly-Castillo.

## THE ASSIGNMENT OF MORTGAGE IS INVALID

The mortgage contract between defendant and the loan originator Concord Mortgage Corp., was executed on August 22, 2003.

**Exhibit F.** Mortgage contract between defendant and the loan originator Concord Mortgage Corp., dated August 22, 2003.

7

Defendant contends that the assignment of mortgage from Mortgage Electronic Registration Systems, Inc., to Mortgage Electronic Registration Systems, Inc., as nominee for Homecomings Financial LLC F/K/A Homecomings Financial Network Inc., is invalid because the facts and evidence in the public record shows that Mortgage Electronic Registration Systems Inc., was not the loan originator, and the fact that the assignment of mortgage was executed by G. Jablonski October 2, 2006 purporting to be assistant Secretary of MERS shows that documents were manufactured for the purposes of litigation, in order to get standing in the Courts..

**Exhibit G.** Assignment of mortgage from MERS to MERS as nominee for Homecomings Financial executed by G. Jablonski purporting to be assistant Secretary of Mortgage Registration Systems, Inc., on October 2, 2006.

If the first assignment of mortgage is defective, then all subsequent assignment of mortgages are null and void of all force and or effect.

Therefore, any assignment of mortgage to plaintiff is null and void.

Accordingly, defendant Idellia Kelly-Castillo has met her initial burden of proof that U.S. Bank Trust Company National association as Trustee, and his its successor PHH Mortgage Corporation do not have the legal capacity to sue.

"An assignment of a mortgage without assignment of the underlying note or bond is a nullity, and no interest is acquired by it." HSBC Bank USA v Hernandez, 92 AD3d 843, 843 {2012}; See also Kluge v. Fugazy, 145 AD2d 537, 538 {1988} holding that, "Foreclosure of a mortgage may not be brought by one who has no title to it and absent transfer of the debt, the assignment of the mortgage is a nullity."

8

"Finding that an assignment of the mortgage without the note is a nullity." See Carpenter v Longan, 83 U.S. at 274.

"In the event that a mortgage loan somehow separates interests of the note and the Deed of Trust, with the Deed of Trust lying with some independent entity, the mortgage may become unenforceable." Landmark Nat'l Bank v Kesler, 216 P.3d 158, 166-67 (Kan. 2009).

Because PHH Mortgage Corporation has no valid interest in the security instrument on the date the complaint was filed, then plaintiff could not have served defendant with the notice of intent to foreclose before initiating legal action.

**THERE IS NO EVIDENCE OF THE DATE OF PHYSICAL DELIVERY OF THE NOTE TO PLAINTIFF**

The note contains an undated endorsement indorsed to Residential Funding Company LC, by Josh Ngeno purporting to be assistant Secretary of Homecomings Financial LLC, which was manufactured for the purposes of litigation, in order to get standing in the Court.

There is a second undated endorsement in blank to U.S. Bank National association as Trustee by Judy Faber purporting to be Vice President of Residential Funding Company LLC.

Robert, Anschutz, Schneid, Crane & Partners PLLC, filed a note with six undated endorsements.

**Exhibit H.** Note filed by the law firm of Robert, Anschutz, Schneid, Crane & Partners PLLC,

Defendant demands an in person inspection of the wet ink note, in order to determine the age of the paper via its watermarks, and to further inspect the wet ink note for defendant's Fingerprints via the process of Iodine Fuming with the assistance of a Forensic Document Examiner and Hand Writing Expert.

9

Further, there is no endorsement on the note to plaintiff and there is no evidence in the record of the date of physical delivery of the note to plaintiff.

Thus, plaintiff possessed absolutely no interest in the subject property because the chain of title has been compromised.

"Again, here, there is no evidence that it took physical delivery of the note and mortgage before commencing this action, and again, the written assignment was signed after the defendant was served. The assignment's language purporting to give retroactive effect, absent a prior or contemporary delivery of the note and mortgage, is insufficient to grant it standing." Deutsche Bank Trust Company Americas v Peabody, 866 N.Y.S.2d 91 (N.Y. Sup. Ct. 2008).

Public record shows that the chain of custody for the note fails to comport to the chain of title for the mortgage because there are six undated endorsements on the note, but there is only five assignment of mortgages which has caused bifurcation.

"Where an affidavit, in this case of the plaintiff's servicing agent, fails to give any factual details as to the physical delivery of the note, it fails to establish that the plaintiff had physical possession of the note prior to commencement of the action." U.S. Bank Nat. Ass'n v. Weinman, 123 A.D.3d 1108, 2 NYS3sd 128 (2nd Dep't 2014).

Defendant further allege based upon the factual documents attached hereto and exhibits, and on information and belief, that the plaintiff, by and through their agents, either created or caused to be created the drafting, execution, and recording of this instrument which is legally void, the subject of a forgery, containing fraudulent information and or the identity of the individuals and or entities stated therein, as well as the result of notary fraud, and the product of robo-signing.

10

## ARGUMENT

On February 18, 2026 the law firm of Robertson, Anschutz, Schneid, Crane & Partners PLLC, initiated a third foreclosure action in the Southern District of New York against defendant on behalf of PHH Mortgage Corporation.

Defendant now move to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12 (b) (1), 12 (b) (3), and 12 (b) (6). Plaintiff lacks standing to sue in Federal Court, and this Court therefore lacks subject matter jurisdiction.

Plaintiff is asking the Court to deprive defendant of her due process rights.

Plaintiff is also asking the Court to circumvent the prior decisions of the Bronx County Supreme Court in the decisions of U.S. Bank National association as Trustee v Idellia Kelly-Castillo.

## PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12 (B) (1), 12 (B) (3), AND 12 (B) (6)

Plaintiff is engaging in forum shopping with intent to circumvent the prior decisions of the Bronx County Supreme Court in the cases of U.S. Bank National association as Trustee v Idellia Kelly-Castillo.

Even if plaintiff had a valid cause of action, they are required to file their foreclosure complaint in State Court because foreclosure is a State rights issue.

Foreclosure is primarily a State rights issue, meaning the Laws, procedures, and timelines governing the process are determined by the individual State where the property is located.

On a rule 12 (b) (1) motion, a defendant can make a fact-based challenge to standing by offering evidence beyond the pleading. Carter v Healthport Techs., LLC, 822 F.3d 47, 57 (2d Cir. 2016).

11

On a motion to dismiss for lack of subject matter jurisdiction pursuant to rule 12 (b) (1) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of establishing that jurisdiction exist by a preponderance of the evidence. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

In ruling on such a motion, a Court may consider evidence outside the pleadings without converting the motion to dismiss into a motion for summary judgment. Luckett v. Bure, 290 F.3d 493, 496-97 (2d Cir. 2002).

Plaintiff's Diversity argument also fails because defendants New York City Parking Violations Bureau, New York City Environmental Control Board, and New York City Transit Adjudication Bureau are all located within the City of New York.

"When determining the sufficiency of a claim for rule 12 (b) (6) purposes, consideration is limited to the factual allegations in plaintiffs complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs possession or of which plaintiffs had knowledge and relied on in bringing suit." Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993).

Where a rule 12 (b) (6) motion is based on a plaintiff's failure to exhaust administrative remedies, the Court may consider agency proof that the plaintiff did not exhaust those remedies without converting the motion from one for dismissal under rule 12 (b) (6) to a motion for summary judgment. See Holowecki v. Federal Express Corp., 440 F.3d 558, 565 (2d Cir. 2006).

A case may be properly dismissed for lack of subject matter jurisdiction pursuant to rule 12 (b) (1) "When the District Court lacks the statutory or constitutional power to adjudicate it." Makarova v United States, 201 F.3d 110, 113 (2d Cir. 2000).

12

The facts and evidence submitted in this motion shows that plaintiff's current attorney, the law firm of Robert, Anschutz, Schneid, Crane & Partners PLLC, do not have first-hand knowledge of the facts in this case and therefore, cannot testify to the fact accuracy of the documents manufactured for the purposes of litigation, and submitted to the Court in order to manufacture standing.

"In contrast to the standard for a motion to dismiss for failure to state a claim under rule 12 (b) (6), a plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Mac Pherson v. State St. Bank & Trust Co., 452 F. Supp. 2d 133, 136 (E.D.N.Y. 2006) (quoting Makarova, 201 F.3d at 113), aff'd, 273 F. App x 61 (2008); see also Tomaino v. United States, 2010 WL 1005896, at *1 (E.D.N.Y. Mar. 16, 2010).

Plaintiff and its attorneys manufactured an assignment of mortgage from U.S. Bank National association as Trustee to PHH Mortgage Corporation then initiated this action in Federal Court with intent to circumvent the prior orders of the Bronx County Supreme Court with intent to deprive defendant of their due process rights.

"Although the Court must accept the complaint's well-pleaded factual allegations as true, the Court should not credit legal conclusions couched as factual allegations, formulaic recitations of the elements of a claim, or even conclusory allegations of fact. See Saunders v. Bank of Am., No. 12 CIV. 9201 GBD RLE, 2014 WL 5089501, at *7 (S.D.N.Y. Sept. 22, 2014); Salas v. New York City Dep't of Investigation, No. 16-CV-8573 (RA), 2018 WL 1614339, at *2 (S.D.N.Y. Mar. 30, 2018).

Nor must this Court credit allegations that are contradicted by documents incorporated into the complaint by reference or by documents of which it may take judicial notice. In re Yukos Oil Co. Sec. Litig., No. 04 CIV. 5423 (WHP), 2006 WL 3026024, at *12 (S.D.N.Y. Oct. 25, 2006).

13

Plaintiff lacks standing to sue defendant, as it was not a party to the mortgage contract attached to the complaint, and there is no document attached to the complaint that evidences the plaintiff's relationship to the original lender.

The inability to attach the documentation evidencing the plaintiff's right to bring this action violates and is not in compliance with New York Law evidencing any assignment of right to the plaintiff to file this action.

"The Supreme Court improvidently exercised its discretion, however, in denying that branch of the defendant's motion which was to impose sanctions upon the plaintiff and its counsel pursuant to 22 NYCRR 130-1.1. The defendant demonstrated that the plaintiff and its counsel engaged in frivolous conduct in that they either did not have the necessary documentation upon which to formulate or support a meritorious claim, or, being in possession of the documentation, knew or should have known, based upon prior litigation and correspondence from the defendant, that the plaintiff's claim was completely without merit in law. Under the circumstances, we deem it appropriate to impose sanctions upon the plaintiff in the sum of $2,500, and upon the plaintiff's counsel in the sum of $1,000 (see 22 NYCRR 130-1.1), payable pursuant to 22 NYCRR 130-1.3." Commissioners of State Ins. Fund v Kernel 2012 NY Slip Op 00482.

## CONCLUSION

Wherefore, defendant Kelly-Castillo respectfully requests that this action be dismissed with prejudice for lack of subject matter jurisdiction, failure to serve defendant with the 90 day notice required by RPAPL § 1304, cancel the notice of pendency for lack of standing, and sanctions plaintiff and its attorney pursuant to 22 NYCRR § 130-1.1, for initiating a frivolous foreclosure action and for practicing fraud upon the Court, and for any other relief this Court deems just and proper under the circumstance.

14

15

Dated: April 6, 2026

Respectfully Submitted

*Idellia Kelly-Castillo*
Idellia Kelly-Castillo

Pro Se Defendant

2330 Holland Avenue

Bronx, NY 10467

347-931-6935

# EXHIBIT A

FILED: BRONX COUNTY CLERK 06/30/2016 03:15 PM    INDEX NO. 32571/2016E

NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 06/30/2016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

- - - - - - - - - - - - - - - - - - - - - - x

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE        INDEX NO.:
FOR    RESIDENTIAL    ASSET    SECURITIES         Date Filed:
CORPORATION, HOME EQUITY MORTGAGE ASSET-
BACKED PASS-THROUGH CERTIFICATES, SERIES
2007-KS1,

 

 

 

Plaintiff(s),    **SUMMONS**

 

-against-

                                                  Plaintiff designates
IDELLIA KELLY-CASTILLO, NEW YORK CITY             BRONX County as the
ENVIRONMENTAL CONTROL BOARD,                      place of trial

"JOHN DOE #1" through "JOHN DOE #12," the
last twelve names being fictitious and            Premises:
unknown to plaintiff, the persons or              2330 HOLLAND AVENUE,
parties intended being the tenants,               BRONX, NY 10467
occupants, persons or corporations, if
any, having or claiming an interest in or
lien upon the premises, described in the          Venue is based upon
complaint,                                        County in which the
                                                  premises are situated

Defendant(s).

- - - - - - - - - - - - - - - - - - - - - - x

To the above named Defendant(s):

**NOTICE**

**YOU ARE IN DANGER OF LOSING YOUR HOME**

**If you do not respond to this summons and complaint by serving a copy
of the answer on the attorneys for the mortgage company who filed this
foreclosure proceeding against you and filing the answer with the
court, a default judgment may be entered and you can lose your home.**

**Speak to an attorney or go to the court where your case is pending for
further information on how to answer the summons and protect your
property.**

**Sending a payment to your mortgage company will not stop this
foreclosure action.**

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR
THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.**

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    Armonk, New York
          June 28, 2016

                            LEOPOLD & ASSOCIATES, PLLC


                            BY:   Edvin Markisich
                            Attorneys for Plaintiff
                            80 Business Park Drive
                            Suite 110
                            Armonk, NY 10504
                            914-219-5787

FILED: BRONX COUNTY CLERK 01/05/2018 03:28 PM    INDEX NO. 32571/2016E

NYSCEF DOC. NO. 47    RECEIVED NYSCEF: 01/05/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
- - - - - - - - - - - - - - - - - - - - - x
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE                INDEX NO.:
FOR    RESIDENTIAL    ASSET    SECURITIES                 Date Filed:
CORPORATION, HOME EQUITY MORTGAGE ASSET-
BACKED PASS-THROUGH CERTIFICATES, SERIES
2007-KS1,

                                    Plaintiff(s),

                                                         COMPLAINT FOR
                                                         FORECLOSURE OF A
                -against-                                 MORTGAGE

IDELLIA KELLY-CASTILLO, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD,


"JOHN DOE #1" through "JOHN DOE #12," the
last twelve names being fictitious and
unknown to plaintiff, the persons or
parties intended being the tenants,
occupants, persons or corporations, if
any, having or claiming an interest in or
lien upon the premises, described in the
complaint,

                                    Defendant(s).
- - - - - - - - - - - - - - - - - - - - - x
     Plaintiff by its attorneys LEOPOLD & ASSOCIATES, PLLC, hereby

allege upon information and belief:

     1.    On or about August 22, 2003 defendant IDELLIA KELLY-CASTILLO

borrowed the sum of $341,905.00 from Concord Mortgage Corp., by a

certain note dated the same date. In order to collaterally secure the

aforesaid obligation, defendant IDELLIA KELLY-CASTILLO, delivered to

the plaintiff or plaintiff's assignor a mortgage in the same amount

which was recorded in Official Records City Register File No.

2003000331595, in the Office of the Clerk of the County of BRONX on

# EXHIBIT B

FILED: BRONX COUNTY CLERK 02/26/2024 09:04 AM INDEX NO. 803193/2024E

NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 02/26/2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X   INDEX NO.:
U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION,   DATE FILED:
AS TRUSTEE, AS SUCCESSOR-IN-INTEREST TO U.S.
BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR                    **SUMMONS**
RESIDENTIAL ASSET SECURITIES CORPORATION,
HOME EQUITY MORTGAGE ASSET-BACKED PASS-           Plaintiff designates BRONX
THROUGH CERTIFICATES, SERIES 2007-KS1,           County as the Place of Trial

Plaintiff,                       Designation of Venue is
based upon the situs of the
-against-                             Subject Property

IDELLIA KELLY-CASTILLO, NEW YORK CITY                Subject Property:
ENVIRONMENTAL CONTROL BOARD, and "JOHN DOE"          2330 Holland Avenue
and "JANE DOE," the last two names being fictitious, said    Bronx, NY 10467
parties intended being tenants or occupants, if any, having or
claiming an interest in, or lien upon the premises described in the
complaint,

Defendant(s).
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**TO THE ABOVE-NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve

a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of

appearance on the Plaintiff's Attorney within twenty (20) days after the service of this Summons,

exclusive of the day of service (or within thirty (30) days after the service is complete if this

Summons is not personally delivered to you within the State of New York) in the event the

United States of America is made a party defendant, the time to answer for the said United States

of America shall not expire until sixty (60) days after service of the Summons; and in case of

your failure to appear or answer, judgment will be taken against you by default for the relief

demanded in the Complaint.

FILED: BRONX COUNTY CLERK 02/26/2024 09:04 AM
INDEX NO. 803193/2024E
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 02/26/2024

## NOTICE

### YOU ARE IN DANGER OF LOSING YOUR HOME

**If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.**

**Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.**

**Sending a payment to the mortgage company will not stop the foreclosure action.**

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.**

Dated: ___14___ day of ____February____, 2024
Melville, New York

**ALDRIDGE PITE, LLP**

By: Gabrielle Costa, Esq.
Attorneys for Plaintiff
Six Piedmont Center
3525 Piedmont Road, N.E.
Suite 700
Atlanta, GA 30305
631-454-8059

FILED: BRONX COUNTY CLERK 02/26/2024 09:04 AM
INDEX NO. 803193/2024E
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 02/26/2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION,    INDEX NO.:
AS TRUSTEE, AS SUCCESSOR-IN-INTEREST TO U.S.    DATE FILED:
BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR
RESIDENTIAL ASSET SECURITIES CORPORATION,
HOME EQUITY MORTGAGE ASSET-BACKED PASS-    **COMPLAINT**
THROUGH CERTIFICATES, SERIES 2007-KS1,

         Plaintiff,

     -against-

IDELLIA KELLY-CASTILLO, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD, and "JOHN DOE"
and "JANE DOE," the last two names being fictitious, said
parties intended being tenants or occupants, if any, having or
claiming an interest in, or lien upon the premises described in the
complaint,

         Defendant(s).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

The Complaint of the above-referenced Plaintiff, by its attorneys, Aldridge Pite, LLP,

complains and alleges upon information and belief as follows:

## NATURE OF THIS ACTION

1.     This action is brought and pursuant to Article 13 of the Real Property and

Proceedings Law for foreclosure of the consolidated mortgage dated October 20, 2006 and

recorded on November 9, 2006, at CRFN: 2006000624499, in the Public Records of the County

of BRONX, State of New York (hereinafter referred to as the "Subject Mortgage"). The

Mortgage Tax was duly paid.

2.     The premises (hereinafter referred to as "Subject Property") which forms the

subject of this action is fully described in **Schedule "A"** attached hereto.

EXHIBIT C

| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER<br><br>This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. | <br><br>2025120201015001001E4A79 |
|---|---|

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 5 |
|---|---|---|

**Document ID:** 2025120201015001          **Document Date:** 11-26-2025          **Preparation Date:** 12-02-2025
**Document Type:** ASSIGNMENT, MORTGAGE
**Document Page Count:** 4

| PRESENTER: | RETURN TO: |
|---|---|
| RAS BORISKIN, LLC<br>900 MERCHANTS CONCOURSE<br>WESTBURY, NY 11590<br>NYSTRECORDING@RASLG.COM | RAS LEGAL GROUP<br>900 MERCHANTS CONCOURSE SUITE 310<br>WESTBURY, NY 11590<br>SUPPORT@SIMPLIFILE.COM |

## PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BRONX | 4348 | 19 | Entire Lot | 2330 HOLLAND AVENUE |

**Property Type:** DWELLING ONLY - 2 FAMILY

## CROSS REFERENCE DATA

**CRFN:**    2003000331595

## PARTIES

| ASSIGNOR/OLD LENDER: | ASSIGNEE/NEW LENDER: |
|---|---|
| US BANK NATIONAL ASSOCIATION<br>1661 WORTHINGTON ROAD SUITE 100<br>WEST PALM BEACH, FL 33409 | PHH MORTGAGE CORPORATION<br>1661 WORTHINGTON ROAD SUITE 100<br>WEST PALM BEACH, FL 33409 |

## FEES AND TAXES

| Mortgage : | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES:   County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 0.00 | | | |
| MTA: | $ | 0.00 | | | |
| NYCTA: | $ | 0.00 | | | |
| Additional MRT: | $ | 0.00 | | | |
| TOTAL: | $ | 0.00 | | | |
| Recording Fee: | $ | 57.00 | | | |
| Affidavit Fee: | $ | 0.00 | | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**
Recorded/Filed          12-03-2025 16:45
City Register File No.(CRFN):
                                      2025000328054

*City Register Official Signature*

**ASSIGNMENT OF MORTGAGE**
**KNOW ALL MEN BY THESE PRESENTS:**

Block: 4348
Lot: 19

That **U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-KS1** whose address is c/o PHH Mortgage Corporation, 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409, assignor, for good and valuable consideration, received from or on behalf of **PHH MORTGAGE CORPORATION**, whose address is 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409, Assignee, hereby assigns unto the assignee, a certain Mortgage dated August 22, 2003 made by IDELLIA KELLY-CASTILLO to CONCORD MORTGAGE CORP. in the principal sum of $341,905.00 and recorded in the Bronx County Register's Office on September 5, 2003 in CRFN 2003000331595.

Said Mortgage was assigned from CONCORD MORTGAGE CORP. to FIRST NATIONAL BANK OF NEVADA, A NATIONAL BANKING ASSOCIATION by Assignment of Mortgage recorded in the Bronx County Register's Office on September 5, 2003 in CRFN 2003000331596.

Said Mortgage was assigned from FIRST NATIONAL BANK OF NEVADA, A NATIONAL BANKING ASSOCIATION to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. by Assignment of Mortgage recorded in the Bronx County Register's Office on August 9, 2004 in CRFN 2004000488596.

Said Mortgage was assigned from MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR HOMECOMINGS FINANCIAL, LLC F/K/A HOMECOMINGS FINANCIAL NETWORK, INC. by Assignment of Mortgage recorded in the Bronx County Register's Office on November 9, 2006 in CRFN 2006000624497.

A certain Mortgage dated October 20,2006 made by IDELLIA KELLY-CASTILLO to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR HOMECOMINGS

25-370331 - jg

FINANCIAL, LLC F/K/A HOMECOMINGS FINANCIAL NETWORK, INC. in the principal sum of $50,722.88 and recorded in the Bronx County Register's Office on November 9, 2006 in CRFN 2006000624498.

A certain Consolidation Extension and Modification Agreement dated October 20,2006 made by IDELLIA KELLY-CASTILLO to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR HOMECOMINGS FINANCIAL, LLC F/K/A HOMECOMINGS FINANCIAL NETWORK, INC. which consolidated the mortgages above to form a single lien in the amount of $383,900.00 and recorded in the Bronx County Register's Office on November 9, 2006 in CRFN 2006000624499.

Said Mortgages, as consolidated, were assigned from MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR HOMECOMINGS FINANCIAL, LLC F/K/A HOMECOMINGS FINANCIAL NETWORK, INC. to U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-KS1 by Assignment of Mortgage recorded in the Bronx County Register's Office on July 5, 2016 in CRFN 2016000225328.

The mortgaged premises is known as 2330 HOLLAND AVENUE, BRONX, NY 10467.
Said premises is also known as Block 4348, Lot 19.

SEE SCHEDULE "A", ATTACHED, FOR LEGAL DESCRIPTION

TO HAVE AND TO HOLD the same unto the said assignee, its successors and assigns, but without recourse on the undersigned.

This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

25-370331 - jg

In Witness Whereof, the said Assignor has hereunto set his hand and seal or caused these presents to be signed by its proper corporate officers and its corporate seal to be hereto affixed, this 26 day of **NOVEMBER, 2025.**

U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2007-KS1 by PHH Mortgage Corporation as Attorney in Fact by Power of Attorney recorded in the Bronx County Register's Office on November 17, 2025 in CRFN 2025000310341

By: **YANIQUE ATKINSON EDWARDS**
Its: **COORDINATOR**

## UNIFORM, ALL PURPOSE CERTIFICATE OF ACKNOWLEDGMENT
(Outside of New York State)

State of **FLORIDA**
County of **PALM BEACH**

On the 26 day of **NOVEMBER** in the year of 2025 before me, the undersigned, personally appeared **YANIQUE ATKINSON EDWARDS as COORDINATOR**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed same in his/her/their capacity(ies) and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in **PALM BEACH, FLORIDA.**

Ezra Emmanuel Pugh
(Notary's official Signature)
(Commission Expiration) **MAY 3 0 2028**

25-370331 - jg

## SCHEDULE "A"

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE, LYING AND BEING IN THE BOROUGH AND COUNTY OF BRONX, CITY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE EASTERLY SIDE OF HOLLAND AVENUE DISTANT 226 FEET SOUTHERLY FROM THE CORNER FORMED BY THE INTERSECTION OF THE EASTERLY SIDE OF HOLLAND AVENUE WITH THE SOUTHERLY SIDE OF WARING AVENUE;

RUNNING THENCE EASTERLY, PARALLEL WITH WARING AVENUE AND PART OF THE DISTANCE THROUGH A PARTY WALL 100 FEET;

THENCE SOUTHERLY PARALLEL WITH HOLLAND AVENUE 22 FEET;

THENCE WESTERLY, AGAIN PARALLEL WITH WARING AVENUE, AND PART OF THE DISTANCE THROUGH ANOTHER PARTY WALL 100 FEET TO THE EASTERLY SIDE OF HOLLAND AVENUE; AND

THENCE NORTHERLY ALONG THE EASTERLY SIDE OF HOLLAND AVENUE 22 FEET TO THE POINT OR PLACE OF BEGINNING.

25-370331 - jg

# EXHIBIT D

## Case Search Results

County: **Bronx**
Filing Date: **01/01/2025 - 04/03/2026**
Business/Organization Name: **phh mortgage corporation**

Sort By: [ Claim/Index # ▾ ]

| Case #<br>Received Date | eFiling Status<br>Case Status | Caption | Court<br>Case Type |
|---|---|---|---|
| 801416/2026E<br>01/22/2026 | Partial<br>Participation<br>Recorded<br>Pre-RJI | PHH MORTGAGE CORPORATION v. UNKNOWN HEIRS OF THE<br>ESTATE OF BEVERLY J. JONES AKA BEVERLY JONES et al | Bronx County Supreme<br>Court<br>*Real Property - Mortgage<br>Foreclosure - Residential* |
| 802841/2025E<br>02/05/2025 | Partial<br>Participation<br>Recorded<br>*Active* | PHH MORTGAGE CORPORATION v. MAUREEN THOMPSON et al | Bronx County Supreme<br>Court<br>*Real Property - Mortgage<br>Foreclosure - Residential* |
| 803109/2026E<br>02/18/2026 | Partial<br>Participation<br>Recorded<br>Pre-RJI | PHH MORTGAGE CORPORATION v. SHEILA ANN BYRD SMALLS<br>et al | Bronx County Supreme<br>Court<br>*Real Property - Mortgage<br>Foreclosure - Residential* |
| 803931/2025E<br>02/19/2025 | Partial<br>Participation<br>Recorded<br>*Active* | PHH MORTGAGE CORPORATION v. SANDY D. FREELAND et al | Bronx County Supreme<br>Court<br>*Real Property - Mortgage<br>Foreclosure - Residential* |
| 804434/2025E<br>02/25/2025 | Partial<br>Participation<br>Recorded<br>Pre-RJI | CITY OF NEW YORK v. PHH MORTGAGE CORPORATION | Bronx County Supreme<br>Court<br>*Commercial - Other* |
| 804435/2025E<br>02/25/2025 | Full Participation<br>Recorded<br>Pre-RJI | CITY OF NEW YORK v. PHH MORTGAGE CORPORATION | Bronx County Supreme<br>Court<br>*Commercial - Other* |
| 805154/2025E<br>03/05/2025 | Partial<br>Participation<br>Recorded<br>*Active* | LAKEVIEW LOAN SERVICING, LLC, v. CARLOS DELGADO et al | Bronx County Supreme<br>Court<br>*Real Property - Mortgage<br>Foreclosure - Residential* |
| 805241/2026E<br>03/19/2026 | Partial<br>Participation<br>Recorded<br>Pre-RJI | NYCTL 2025-A TRUST, and THE BANK OF NEW YORK MELLON<br>as Collateral Agent and Custodian for NYCTL 2025-A TRUST v.<br>MICHAEL RICHARDS et al | Bronx County Supreme<br>Court<br>*Real Property - Tax<br>Foreclosure* |
| 809211/2025E<br>04/24/2025 | Partial<br>Participation<br>Recorded<br>*Active* | PHH MORTGAGE CORPORATION v. WENDY GREEN et al | Bronx County Supreme<br>Court<br>*Real Property - Mortgage<br>Foreclosure - Residential* |
| 811803/2025E<br>06/02/2025 | Partial<br>Participation<br>Recorded<br>Pre-RJI | PHH MORTGAGE CORPORATION v. MOHAMMED FOCKRUL<br>HASAN et al | Bronx County Supreme<br>Court<br>*Real Property -Other* |
| 821974/2025E<br>10/16/2025 | Partial<br>Participation<br>Recorded<br>*Active* | PHH MORTGAGE CORPORATION v. INGRID BETHEL et al | Bronx County Supreme<br>Court<br>*Real Property - Mortgage<br>Foreclosure - Residential* |
| 822835/2025E<br>10/28/2025 | Partial<br>Participation<br>Recorded<br>*Active* | PHH MORTGAGE CORPORATION v. JODY R. MORGAN et al | Bronx County Supreme<br>Court<br>*Real Property - Mortgage<br>Foreclosure - Residential* |
| 823361/2025E<br>11/04/2025 | Partial<br>Participation<br>Recorded<br>*Active* | PHH MORTGAGE CORPORATION v. JUANNE HARRIS et al | Bronx County Supreme<br>Court<br>*Real Property - Mortgage<br>Foreclosure - Residential* |

# EXHIBIT E

FILED: BRONX COUNTY CLERK 02/05/2025 09:52 AM
NYSCEF DOC. NO. 1

INDEX NO. 802841/2025E
RECEIVED NYSCEF: 02/05/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------------X

PHH MORTGAGE CORPORATION,

                           Plaintiff,

        -against-

MAUREEN THOMPSON; NEW YORK CITY
PARKING VIOLATIONS BUREAU; NEW YORK
CITY ENVIRONMENTAL CONTROL BOARD;
NEW YORK CITY TRANSIT ADJUDICATION
BUREAU,

"JOHN DOE #1" through "JOHN DOE #12," the last
twelve names being fictitious and unknown to
plaintiff, the persons or parties intended being the
tenants, occupants, persons or corporations, if any,
having or claiming an interest in or lien upon the
premises, described in the complaint,

                           Defendants.

-------------------------------------------------------------------X

**Index No.:**
**Date Filed:**

**COMPLAINT**

Subject Property:
660 EAST 241ST STREET
BRONX, NY 10470

The Complaint of the above-referenced Plaintiff, by its attorneys, **Robertson, Anschutz,**

**Schneid, Crane & Partners, PLLC**, complains and alleges upon information and belief as

follows:

## NATURE OF THIS ACTION

1.     This action is brought pursuant to Article 13 of the Real Property and Proceedings

Law for foreclosure of the mortgage dated March 20, 2007 and recorded on April 12, 2007, in

Official Records CRFN 2007000190439 of the Public Records of the County of BRONX, State of

New York (hereinafter referred to as the "Subject Mortgage"). The Mortgage Tax was duly paid.

24-205495 - NiA

FILED: BRONX COUNTY CLERK 02/05/2025 09:52 AM
INDEX NO. 802841/2025E

NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 02/05/2025

2.    The premises (hereinafter referred to as "Subject Property") which forms the subject of this action is fully described in **Schedule "A"** attached hereto.

## PARTIES

3.    At all times hereinafter mentioned, Plaintiff was and remains, organized and existing under the laws of the United States of America or of the State of its formation.

4.    Upon information and belief, Defendant(s) MAUREEN THOMPSON, at all relevant times, maintain(s) a residence within the State of New York and is/are the mortgagor(s) pursuant to the Subject Mortgage. The description and interest of the above-referenced Defendant(s) is/are more fully set forth in **Schedules "B" and "C"**, respectively. *See* RPAPL §§§ 1311, 1312, and 1313.

5.    Upon information and belief, the remaining Defendant(s), if any and not further set forth hereinbelow, as identified in **Schedule "B"**, are named solely for the reasons set forth in **Schedule "C"**. *See* RPAPL §§§ 1311, 1312, and 1313.

6.    Defendants "JOHN DOE #1" through "JOHN DOE #12" are additional persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the Subject Property. *See* RPAPL §§§ 1311, 1312, and 1313.

## RELEVANT FACTS

7.    On or about March 20, 2007, MAUREEN THOMPSON, duly executed, acknowledged, and delivered a note (hereinafter referred to as the "Subject Note") wherein and whereby MAUREEN THOMPSON, promised to repay the sum of $53,250.00 in monthly payments plus interest, taxes, assessments, leasehold payments or ground rents (if any), together with hazard and mortgage insurance as more fully set forth therein. Annexed hereto as **Exhibit "A"** is a copy of the Subject Note.

24-205495 - NiA

7 of 15

FILED: BRONX COUNTY CLERK 02/05/2025 09:52 AM
NYSCEF DOC. NO. 1

INDEX NO. 802841/2025E
RECEIVED NYSCEF: 02/05/2025

8.      Plaintiff, directly or through an agent maintains physical and/or constructive possession of the Subject Note, which Note is secured by the Subject Mortgage, and the Subject Note is made either payable to Plaintiff or is duly indorsed having been delivered to Plaintiff and/or such party having delegated authority to Plaintiff, prior to the commencement of the instant action.

9.      On or about March 20, 2007, as collateral and to secure the repayment of the sum represented by the Subject Note, MAUREEN THOMPSON, duly executed, acknowledged and delivered the Subject Mortgage. Annexed hereto as **Exhibit "B"** is a copy of the Subject Mortgage.

10.     The Subject Mortgage secures the real property commonly known as 660 EAST 241ST STREET, BRONX, NY 10470 and by Block 5082, Lot 37, together with all fixtures, appurtenances, and articles of personal property annexed thereto, installed therein, or used in connection with the in addition to all right, title, and interest of the Defendants in and to the land lying in the streets and roads in front of adjoining said Subject Property.  Annexed hereto as **Schedule "A"** is a copy of the legal description.

11.     Thereafter, the Subject Mortgage was transferred to Plaintiff via an Assignment of Mortgage, thereby memorializing delivery of the Subject Note as referenced hereinabove.

12.     Said loan was modified. As evidence of the modification, a Loan Modification Agreement was recorded in the Office of the City Register of the City of New York in the County of BRONX on August 29, 2016 at CRFN 2016000297863.

13.     Now, as the owner and/or holder of the Subject Note and Subject Mortgage, or having been delegated the requisite authority to commence a mortgage foreclosure action by the owner and/or holder of the Subject Note and Mortgage, Plaintiff further complains and alleges upon information and belief as follows:

24-205495 - NiA

FILED: BRONX COUNTY CLERK 02/05/2025 09:52 AM    INDEX NO. 802841/2025E

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 02/05/2025

## AS AND FOR A FIRST CAUSE OF ACTION

14. That Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through paragraphs "13" above with the same force and effect as if set forth at length herein.

15. That MAUREEN THOMPSON defaulted on her obligation having failed to comply with the conditions of the Subject Note by withholding the payment amount that became due on April 1, 2023, and plaintiff is entitled to enforce its security interest against MAUREEN THOMPSON pursuant to the terms of the Subject Mortgage. As of February 05, 2025, said default has not been cured. There is now the amount of $55,245.37, plus interest, taxes, assessments, leasehold payments or ground rents (if any), together with hazard and mortgage insurance, if applicable, due and owing to Plaintiff.

16. That upon information and belief, Plaintiff has duly notified the Mortgagor(s) to the extent required by the underlying loan documents, however, Defendant(s) continued default remains uncured.

17. That Plaintiff has complied with those provisions of Real Property and Proceedings Law §§ 1304 and 1306, to the extent applicable.

18. That by reason of the aforementioned default(s), Plaintiff hereby declares the balance of the principal indebtedness to be immediately due and owing.

19. That based upon the foregoing, there is now due and owing from the Borrower(s) to the Plaintiff, the principal sum of $55,245.37 plus interest thereon from March 01, 2023, in addition to those accumulated late charges and those recoverable monies advanced by Plaintiff and/or Plaintiff's predecessor-in-interest on behalf of MAUREEN THOMPSON, together with all costs, including but not limited to, attorneys' fees, disbursements, and further allowances provided

24-205495 - NiA

FILED: BRONX COUNTY CLERK 02/05/2025 09:52 AM

INDEX NO. 802841/2025E

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 02/05/2025

pursuant to the underlying loan documents and applicable law in bringing any action to protect the Mortgagee's interest in the Subject Property.

20.     That Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of the payment after the date of the commencement of this action, of any or all of the defaults mentioned herein; and such election shall continue and remain effective until the costs and disbursements of this action, and any and all future defaults under the Subject Note and Mortgage, and occurring prior to the discontinuance of this action are fully paid.

21.     That to protect its security afforded by the Subject Note and Mortgage, it may be necessary for the Plaintiff to pay taxes, assessments, water rates and insurance premiums which are, or may become liens on the Subject Property, and any other charges for the protection of the Subject Property, and Plaintiff hereby demands that any amounts which may be so expended shall be added to the amount of the principal sum secured by said note and mortgage, together with interest from the time of any such payment, and that the same be paid to the Plaintiff from the proceeds of the foreclosure sale herein.

22.     That Plaintiff further alleges that all Defendant(s), including those not specifically identified as executors of the underlying loan documents, have or may claim to have, some interest in, or lien upon the Subject Property, or some part thereof, which interest or lien, if any, is subject and subordinate to the lien of the mortgage being foreclosed herein.

23.     That the sale of the mortgaged premises and title thereto are subject to the state of facts an accurate survey will show; all covenants, restrictions, easements, agreements and reservations, if any, of record, and to any and all violations thereof; any and all building and zoning regulations, restrictions and ordinances of the municipality in which said premises are situated, and to any violations of the same, including, but not limited to, reapportionment of lot lines, and

24-205495 - NiA

FILED: BRONX COUNTY CLERK 02/05/2025 09:52 AM
INDEX NO. 802841/2025E

NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 02/05/2025

vault charges, if any; any and all orders or requirements issued by any governmental body having jurisdiction against or affecting said premises and any violation of the same; the physical condition of any building or structure on the premises as of the date of closing hereunder; rights of tenants in possession, if any; prior mortgages and judgments, if any, now liens of record including the first mortgage recorded in the Office of the City Register of the City of New York in the county of Bronx on April 12, 2007 recorded in CRFN 2007000190438, which mortgage is senior to the mortgage being foreclosed; right of Redemption of United States of America, if any; rights of any defendants pursuant to CPLR Section 317, CPLR Section 2003 and CPLR Section 5015, if any; any and all Hazardous Materials in the premises including, but not limited to, flammable explosives, radioactive materials, hazardous wastes, asbestos or any material containing asbestos, and toxic substances; and other conditions as set forth in the terms of sale more particularly to be announced at the sale.

24.    That Plaintiff has complied with all provisions of Banking Law § 595(a) and any rules and regulations promulgated thereunder together with Banking Law §§ 6-l and 6-m, to the extent applicable.

25.    That Plaintiff further alleges that no other proceedings have resulted in the collection of any part of the mortgaged debt or if any such action is pending, a final judgment was not rendered in favor of Plaintiff and such action is intended to be discontinued.

**THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK**

24-205495 - NiA

FILED: BRONX COUNTY CLERK 02/05/2025 09:52 AM
INDEX NO. 802841/2025E

NYSCEF DOC. NO. 1                                                                 RECEIVED NYSCEF: 02/05/2025

WHEREFORE, Plaintiff respectfully requests this Court grant judgment in favor of Plaintiff and as against Defendants as follows:

I.  On its First Cause of Action:

a)  The Defendants and each of them, and all persons claiming under them, or any of them subsequent to the commencement of this action and the filing of the Notice of Pendency thereof, may be barred and foreclosed of all right, title, claim, lien and equity of redemption in the Subject Property;

b)  Said Subject Property be sold subject to the state of facts an accurate survey will show; all covenants, restrictions, easements, agreements and reservations, if any, of record, and to any and all violations thereof; any and all building and zoning regulations, restrictions and ordinances of the municipality in which said premises are situated, and to any violations of the same, including, but not limited to, reapportionment of lot lines, and vault charges, if any; any and all orders or requirements issued by any governmental body having jurisdiction against or affecting said premises and any violation of the same; the physical condition of any building or structure on the premises as of the date of closing hereunder; rights of tenants in possession, if any; prior mortgages and judgments, if any, now liens of record; right of Redemption of United States of America, if any; rights of any defendants pursuant to CPLR § 317, CPLR § 2003 and CPLR § 5015, if any; any and all Hazardous Materials in the premises including, but not limited to, flammable explosives, radioactive materials, hazardous wastes, asbestos or any material containing asbestos, and toxic substances; and other conditions as set forth in the terms of sale more particularly to be announced at the sale.

24-205495 - NiA

FILED: BRONX COUNTY CLERK 02/05/2025 09:52 AM

NYSCEF DOC. NO. 1

INDEX NO. 802841/2025E

RECEIVED NYSCEF: 02/05/2025

c) Said Subject Property may be decreed to be sold in one parcel according to law subject to the various items set forth in allegations of the complaint herein;

d) The monies arising from the sale may be brought into court;

e) Plaintiff may be paid the amount due on said note and mortgage as alleged herein, together with interest to the time of such payment, together with the sums expended by plaintiff prior to and during the pendency of this action, and for thirty days after any sale demanded herein for taxes, water rates, sewer rents, assessments, insurance premiums and other necessary and essential charges or expenses in connection therewith to protect the mortgage lien, plus any sums expended for the protection or preservation of the property covered by said mortgage and note, and the amount secured thereby, with interest thereon from the time of such payment and the costs and expenses of this action including reasonable attorneys' fees so far as the amount of such monies properly applicable thereto will pay the same;

f) The plaintiff be decreed to be the owner of any and all personal property used in connection with the said Subject Property;

g) The obligors may be adjudged to pay any deficiency which may remain after applying all of said monies so applicable thereto unless the obligors were discharged in bankruptcy;

h) Awarding the relief requested in the additional causes of action stated in the complaint, if any;

24-205495 - NiA

FILED: BRONX COUNTY CLERK 02/05/2025 09:52 AM
NYSCEF DOC. NO. 1

INDEX NO. 802841/2025E
RECEIVED NYSCEF: 02/05/2025

i) Plaintiff shall have such other and further relief or both, in the Subject Property as

shall be just and equitable.


Dated: February 5, 2025

**Robertson, Anschutz, Schneid,
Crane & Partners, PLLC**
Attorney for Plaintiff

BY:_____
[ ] SARA Z. BORISKIN, ESQ.
[ ] ANTHONY CELLUCCI, ESQ.
[x] SCOTT R. WEISS, ESQ.
[ ] KELLY R. FABER, ESQ.
900 Merchants Concourse, Suite 310
Westbury, NY 11590
516-280-7675

FILED: BRONX COUNTY CLERK 02/05/2025 09:52 AM

24-205495 - NiA

FILED: BRONX COUNTY CLERK 02/05/2025 09:52 AM

NYSCEF DOC. NO. 1

INDEX NO. 802841/2025E

RECEIVED NYSCEF: 02/05/2025

**Index No.:**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
PHH MORTGAGE CORPORATION,

PLAINTIFF,

-AGAINST-

MAUREEN THOMPSON; NEW YORK CITY PARKING
VIOLATIONS BUREAU; NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD; NEW YORK CITY TRANSIT ADJUDICATION
BUREAU,

"JOHN DOE #1" through "JOHN DOE #12," the last twelve names being
fictitious and unknown to plaintiff, the persons or parties intended being
the tenants, occupants, persons or corporations, if any, having or claiming
an interest in or lien upon the premises, described in the complaint,

DEFENDANTS.

# SUMMONS & COMPLAINT

**ROBERTSON, ANSCHUTZ, SCHNEID,
CRANE & PARTNERS, PLLC**
*Attorneys for Plaintiff*
900 Merchants Concourse, Suite 310
Westbury, New York 11590
516-280-7675

=============================================

Compliance with Rule 130-1.1a

[  ] SARA Z. BORISKIN, ESQ.
[  ] ANTHONY CELLUCCI, ESQ.
[x] SCOTT R. WEISS, ESQ.
[  ] KELLY R. FABER, ESQ.

24-205495 - NiA

15 of 15

# EXHIBIT F

## NYC DEPARTMENT OF FINANCE
## OFFICE OF THE CITY REGISTER

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2003082700245002001E65A1

### RECORDING AND ENDORSEMENT COVER PAGE          PAGE 1 OF 23

| | | |
|---|---|---|
| Document ID: 2003082700245002 | Document Date: 08-22-2003 | Preparation Date: 08-27-2003 |

Document Type: MORTGAGE
Document Page Count: 22

| PRESENTER: | RETURN TO: |
|---|---|
| JUDICIAL TITLE INSURANCE AGENCY, LLC<br>TITLE # 63998<br>AS AGENT FOR FIRST AMERICAN TITLE<br>550 MAMARONECK AVENUE, SUITE 202<br>HARRISON, NY 10528<br>914-381-6700 | CONCORD MORTGAGE CORP<br>180 EAB PLAZA<br>UNIONDALE, NY 11556 |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BRONX | 4348 | 19 | Entire Lot | 2330 HOLLAND AVENUE |

Property Type: DWELLING ONLY - 2 FAMILY

### CROSS REFERENCE DATA

CRFN ....    _or_ Document ID _ _ _  _ _ _   _or_      Year ... Reel _ . Page  __  _or_ File Number  ...........

### PARTIES

| MORTGAGER/BORROWER: | MORTGAGEE/LENDER: |
|---|---|
| IDELLIA KELLY-CASTILLO<br>120 EAST 88TH STREET<br>BROOKLYN, NY 11236 | CONCORD MORTGAGE CORP<br>180 EAB PLAZA<br>UNIONDALE, NY 11556 |

### FEES AND TAXES

| Mortgage | | | Recording Fee: $ | 147.00 |
|---|---|---|---|---|
| Mortgage Amount: | $ | 341,905.00 | Affidavit Fee: $ | 0.00 |
| Taxable Mortgage Amount: | $ | 341,905.00 | NYC Real Property Transfer Tax Filing Fee: | |
| Exemption: | | | $ | 0.00 |
| TAXES: | | | NYS Real Estate Transfer Tax: | |
| County (Basic): | $ | 1,709.50 | $ | 0.00 |
| City (Additional): | $ | 3,419.00 | | |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 854.75 | | |
| MTA: | $ | 829.75 | | |
| NYCTA: | $ | 0.00 | | |
| TOTAL: | $ | 6,813.00 | | |

RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK
Recorded/Filed          09-05-2003 15:48
City Register File No.(CRFN):
2003000331595

_City Register Official Signature_



**THE JUDICIAL TITLE INSURANCE AGENCY LLC**
550 MAMARONECK AVENUE
HARRISON, NY 10528
914-381-6700

Return To:

Concord Mortgage Corp
180 EAB Plaza
Uniondale, NY 11556

Prepared By:
Concord Mortgage Corp
180 EAB Plaza
Uniondale, NY 11556

Section - 16    Title # - 63998
Block - 4348    County - Bronx
Lot - 19    Town / City - Bronx
2330 Holland Avenue

―――――――――― [Space Above This Line For Recording Data] ――――――――――

# MORTGAGE

Said premises is or will be
improved by a 1 or 2 family
dwelling only.

## WORDS USED OFTEN IN THIS DOCUMENT

(A) "Security Instrument." This document, which is dated **August 22nd, 2003**
together with all Riders to this document, will be called the "Security Instrument."
(B) "Borrower." **Idellia Kelly-Castillo**

whose address is **120 East 88th Street
Brooklyn, NY 11236**        sometimes will be called "Borrower" and sometimes simply "I" or "me."
(C) "Lender." **Concord Mortgage Corp**

will be called "Lender." Lender is a corporation or association which exists under the laws of
**New York**                                . Lender's address is **180 EAB Plaza, Uniondale,
NY 11556**

**Multi-Family (2-4 Family)**

03-06-09-000481
**NEW YORK** - Single Family - Fannie Mae/Freddie Mac **UNIFORM INSTRUMENT**        Form 3033 1/01

-6(NY) (0005).01
Page 1 of 17            Initials: I.K.C
VMP MORTGAGE FORMS - (800)521-7291

# EXHIBIT G



200611020204500100 1E175B

| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER | | |
|---|---|---|
| This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. | | |

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 3 |
|---|---|

| Document ID: 2006110202045001 | Document Date: 10-02-2006 | Preparation Date: 11-02-2006 |
|---|---|---|

Document Type: ASSIGNMENT, MORTGAGE
Document Page Count: 1

| PRESENTER: | RETURN TO: |
|---|---|
| FIDELITY NATIONAL TITLE<br>1415 KELLUM PLACE, SUITE 202<br>**************** PICK UP ****************<br>GARDEN CITY, NY 11530<br>516-741-5050<br>gisela.pungello@fnf.com | HOMECOMINGS FINANCIAL NETWORK INC<br>IS/MN-MS 03-06-35<br>ONE MERIDIAN CROSSINGS<br>RICHFIELD, MN 55423<br>773281 |

## PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BRONX | 4348 | 19 | Entire Lot | 2330 HOLLAND AVENUE |

Property Type: DWELLING ONLY - 2 FAMILY

## CROSS REFERENCE DATA

CRFN: 2003000331595

## PARTIES

| ASSIGNOR/OLD LENDER: | ASSIGNEE/NEW LENDER: |
|---|---|
| MERS, INC.<br>PO BOX 2026<br>FLINT, MI 48501-2026 | MERS, INC.<br>PO BOX 2026<br>FLINT, MI 48501-2026 |

  x  Additional Parties Listed on Continuation Page

## FEES AND TAXES

| Mortgage | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | RECORDED OR FILED IN THE OFFICE | |
| TASF: | $ | 0.00 | OF THE CITY REGISTER OF THE | |
| MTA: | $ | 0.00 | CITY OF NEW YORK | |
| NYCTA: | $ | 0.00 | Recorded/Filed          11-09-2006 11:15 | |
| Additional MRT: | $ | 0.00 | City Register File No.(CRFN): | |
| TOTAL: | $ | 0.00 | 2006000624497 | |
| Recording Fee: | $ | 42.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

*Annette M. Hill*

*City Register Official Signature*

| | |
|---|---|
| **NYC DEPARTMENT OF FINANCE**<br>**OFFICE OF THE CITY REGISTER** | <br>2006110202045001001C15DB |

| | | |
|---|---|---|
| **RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION)** | | **PAGE 2 OF 3** |
| **Document ID: 2006110202045001** | Document Date: 10-02-2006 | Preparation Date: 11-02-2006 |
| Document Type: ASSIGNMENT, MORTGAGE | | |

**PARTIES**

**ASSIGNEE/NEW LENDER:**
HOMECOMINGS FINANCIAL, LLC
2255 ONTARIO, SUITE 400
BURBANK, CA 91504-3190

**ASSIGNEE/NEW LENDER:**
HOMECOMINGS FINANCIAL NETWORK, INC.
2255 ONTARIO, SUITE 400
BURBANK, CA 91504-3190

RETURN TO
Homecomings FINANCIAL
2255 N. ONTARIO
BURBANK, CA. 91504

**Assignment of Mortgage/Deed of Trust**

RFC Loan Number: 8651292



**FOR VALUE RECEIVED, Mortgage Electronic Registration Systems, Inc. ("MERS")**
**P.O. Box 2026, Flint, Michigan 48501-2026**

hereby grants, assigns and transfers to
**Mortgage Electronic Registration Systems, Inc. as nominee for Homecomings Financial** LLC F/K/A
**Homecomings Financial Network Inc.**
**2255 N Ontario, Suite 400, Burbank, CA 91504-3190**

its successors and assigns, all beneficial interest under that certain Mortgage/Deed Of Trust:
**Dated: August 22, 2003**
EXECUTED BY: IDELLIA KELLY-CASTILLO

TO:    Concord Mortgage Corp

RECORDED ON: September 05, 2003 in Book _____ on Page _____
as instrument # 2003000331595 IN THE OFFICE OF THE RECORDER OF Bronx County, New York.

**LOAN AMOUNT: $341,905.00**
**PROPERTY ADDRESS:** 2330 HOLLAND AVENUE  BRONX, NY  10467

Section                Block    4348              Lot      19                    Town   Bronx

B.4348.
L.19

Assignment Concord Mortgage Corp to First National Bank of Nevada, recorded 9-5-2003, #2003000331596.

Assignment First National Bank of Nevada to Mortgage Electronic Registration Systems, Inc., recorded 8-9-2004, #2004000488596.

**THIS ASSIGNMENT IS NOT SUBJECT TO THE REQUIREMENT OF SECTION 275 OF THE**
**REAL PROPERTY LAW BECAUSE IT IS AN ASSIGNMENT WITHIN THE SECONDARY**
**MORTGAGE MARKET.**
TOGETHER with the note or notes therein described or referred to, the money due and to become due
thereon with interest, and all rights accrued or to accrue under said Mortgage.

**Mortgage Electronic Registration Systems, Inc. ("MERS")**

BY: _____

STATE OF MINNESOTA
COUNTY OF HENNEPIN

NAME: G. Jablonski

TITLE: Assistant Secretary

On October 02, 2006  before me, the undersigned, personally appeared G. Jablonski, Assistant
Secretary of Mortgage Electronic Registration Systems, Inc. ("MERS")  or proved to me on the basis
of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in his/her/their
capacity(ies)  and that by his/her/their signature(s) on the instrument, the individual(s) or the person
upon behalf of which the individual(s) acted, executed the instrument and that such individual made
an appearance before the undersigned in the city of Minneapolis, state of Minnesota.

_____
Notary Public in and for State Of Minnesota

KAREN E. STEFFENSEN
NOTARY PUBLIC-MINNESOTA
MY COMMISSION EXPIRES 1-31-2010

# EXHIBIT H

# NOTE

August 22nd, 2003                     Bronx                          New York
[Date]                                 [City]                          [State]

2330 Holland Avenue
Bronx, NY 10467
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 341,905.00          (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Concord Mortgage Corp**.

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of           **8.500%**.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the **1st**          day of each month beginning on **October 01, 2003**          . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **September 1, 2033**          , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **180 EAB Plaza
Uniondale, NY 11556**                                 or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 2,628.95

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

NEW YORK FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

-6N(NY) (0005)          Form 3233 1/01
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 3                    Initials: JCC



## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of  FIFTEEN      calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be             2.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.





## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Lender may require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. If Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission, Lender also may require immediate payment in full. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender requires immediate payment in full under this Section 18, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is given to me in the manner required by Section 15 of this Security Instrument. If I do not make the required payment during that period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Idellia Kelly Castillo_ (Seal)
Idellia Kelly-Castillo        -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

*[Sign Original Only]*

PAY TO THE ORDER OF    FIRST NATIONAL BANK OF NEVADA

THIS 25th DAY OF August 2003

SHARON SCHROUNTER, CONTROLLER



BANK OF NEVADA

14635 North Kieland Blvd., Suite 201
Scottsdale, AZ 85254
Office (480) 609-5500 Fax (480) 609-5569

## ALLONGE TO NOTE

**LOAN NUMBER:**
**BORROWER:**    **KELLY-CASTILLO**
**IN THE AMOUNT OF:**    **$341,905.00**

PAY TO THE ORDER OF:

**RESIDENTIAL FUNDING CORPORATION**

**WITHOUT RECOURSE BY:**

PAY TO THE ORDER OF
JP MORGAN CHASE BANK, AS TRUSTEE
WITHOUT RECOURSE
Residential Funding Corporation

BY

Judy Faber, Vice President

**AMY HAWKINS, SHIPPING OFFICER**
**FIRST NATIONAL BANK OF NEVADA**

ALLONGE TO PROMISSORY NOTE

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE FOLLOWING DESCRIBED NOTE, THIS ALLONGE IS AFFIXED AND BECOMES A PERMANENT PART OF SAID NOTE

POOL: ▮▮▮▮    LOAN ID: ▮▮▮▮▮▮

NOTE DATE:    8/22/2003    LOAN AMOUNT:    $341,905.00

BORROWER NAME:    IDELLIA KELLY-CASTILLO

PROPERTY ADDRESS:    2330 HOLLAND AVENUE, BRONX, NY 10467

PAY TO THE ORDER OF

HOmecomings Financial LLC f/k/a
Homecomings Financial Network Inc.

WITHOUT RECOURSE

JPMorgan Chase Bank as Trustee, Residential Funding Corporation, Attorney-In-Fact

By: _____

Name: G. Jablonski

Title: Assistant Secretary

PAY TO THE ORDER OF
U.S. Bank National Association as Trustee
WITHOUT RECOURSE
Residential Funding Company, LLC

By _____
Judy Faber, Vice President

Without Recourse
Pay to the Order of

RESIDENTIAL FUNDING COMPANY, LLC

_____
Josh Ngeno
Assistant Secretary
Homecomings Financial, LLC
A Delaware Corporation

Loan#

## ALLONGE TO NOTE

This endorsement is a permanent part of the Note, in the amount of $ 341,905.00

**NOTE DATE:**          August 22, 2003

**BORROWER NAME:**   Idellia Keyy-Castillo

**PROPERTY:**          2330 Holland Avenue Bronx, NY 10467

## PAY TO THE ORDER OF:

U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2007-KS1

## WITHOUT RECOURSE:

U.S. Bank National Association as Trustee
By it's Attorney In Fact Ocwen Loan Servicing, LLC

**Signer:**    Darin Gurewitz

**Title:**     Authorized Signer

Loan ███████

## ALLONGE TO NOTE

This endorsement is a permanent part of the Note in the amount of $341,905.00

**NOTE DATE:** 08/22/2003

**BORROWER NAME:** IDELLIA KELLY-CASTILLO

**PROPERTY:** 2330 HOLLAND AVENUE, BRONX, NY 10467

**PAY TO THE ORDER OF:**
U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE, AS SUCCESSOR-IN-INTEREST TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-KS1

**WITHOUT RECOURSE:**
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-KS1 BY ITS ATTORNEY-IN-FACT PHH MORTGAGE CORPORATION

**Signer:** Shelby L Thomas
**Title:** Servicing Operations Specialist

Loan ██████████████

## ALLONGE TO NOTE

This endorsement is a permanent part of the Note in the amount of $341,905.00

NOTE DATE: 08/22/2003

BORROWER NAME: IDELLIA KELLY-CASTILLO

PROPERTY: 2330 HOLLAND AVENUE, BRONX, NY 10467

PAY TO THE ORDER OF:

WITHOUT RECOURSE:
U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE, AS SUCCESSOR-IN-INTEREST TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-KS1 BY ITS ATTORNEY-IN-FACT PHH MORTGAGE CORPORATION

Signer: Shelby L Thomas
Title:    Servicing Operations Specialist

11.1

# NOTE ADDENDUM
## PREPAYMENT PENALTY

### NOTICE TO THE BORROWER

**Do not sign this loan agreement before you read it. This loan agreement provides for the payment of a penalty if you wish to repay the loan prior to the date provided for prepayment in the loan agreement.**

This Note Addendum is incorporated into and shall be deemed to amend and supplement the Adjustable Rate Note or Fixed Rate Note, as applicable ("Note") of the same date executed by the undersigned and payable to
            Concord Mortgage Corp.
(the "Lender"). The Note is secured by a Mortgage or Deed of Trust or comparable security instrument (the "Security Instrument") covering the property (the "Property") identified in the Security Instrument.

This Note Addendum provides for a penalty with respect to prepayments of the obligation represented by the Note made within    one    years from the date I execute the Note. I am executing this Note Addendum in consideration of the Lender's having charged me a lesser interest rate and/or pointes in connection with the Note than if I had selected a loan program which permits prepayments without penalty.

Section 5 of the Note for an Adjustable Rate Note or Section 4 of a Fixed Rate Note is amended to read as follows:

#### BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

The First  12  months of the loan term is called the "Penalty Period". In any twelve month period during the Penalty Period, I may prepay up to 20% of the original principal amount of this Note without paying a penalty. If I make a prepayment in excess of 20% of the original principal amount in any twelve month period during the Penalty Period, I will pay a penalty. The penalty will be equal to the lesser of (a) six (6) months' advance interest on any amount prepaid in excess of 20% of the original principal amount of this Note; or (b) such lesser amount as may be required by applicable law.

No prepayment penalty will be assessed for any prepayment made after the Penalty Period. No prepayment penalty will be assessed with any prepayment that is (a) concurrent with a bona fide sale of the Property securing this Note to an unrelated third party and (b) made after the first twelve months of the loan term. The Note Holder may require reasonable documentation at the time identifying the prepayment as being in connection with the prepayment made during the first twelve months of the Penalty Period, regardless of whether the Property has been sold.

The Note Holder will use all of my prepayments to reduce the amount of principle that I owe under this Note. If I made a partial prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes.

If my loan is an Adjustable Rate Note, a partial prepayment may reduce the amount of my monthly payments after the first change date following my partial prepayment. However, any reduction due to partial prepayment may be offset by an interest rate increase.

The Note Holder's failure to collect a prepayment penalty at the time a prepayment is received shall not be deemed a waiver of such penalty and any such penalty calculated in accordance with this section shall be payable upon demand.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____                    _Idellia Kelly Castillo_ 8/22/2003
                    DATE           Idellia Kelly Castillo        DATE

01-17-02

State of New York      )
County of   Bronx       )

On the  22nd   day of   August , in the year 2003  before me,
the undersigned, personally appeared  Idellia Kelly-Castillo,
personally known to me or proved to me on the basis of satisfactory
evidence to be the individual(s) whose name(s) is (are) subscribed
to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their capacity(ies), and that by his/her/their signature(s) on the
instrument, the individual(s) or the person upon behalf of which the individual(s)
acted, executed the instrument.

_____
(Signature and office of person taking acknowledgement)

MELINDA E. GORDON
Notary Public, State of New York
No. 01GO6013097
Qualified in Bronx County
Commission Expires Sept. 8, 2006